HENDERSHOT *v.* FELDPAUSCH.

FORCIBLE ENTRY AND DETAINER—STATUTES.
    In an action by the owners for forcible entry and detainer, where the evidence showed that defendant, who was in possession without any lease or rental agreement, committed an assault on plaintiffs' agent after plaintiffs had taken peaceable possession, judgment was properly entered for plaintiffs under the statute (3 Comp. Laws 1915, § 13229 *et seq.*).

Error to Kent; Perkins (Willis B.), J. Submitted April 4, 1929. (Docket No. 68, Calendar No. 34,195.) Decided June 3, 1929.

Action for forcible entry and detainer by George Hendershot and another against Leo Feldpausch. From judgment for plaintiffs, defendant brings error. Affirmed.

*Cornelius Hoffius* and *Dorr Kuizema,* for plaintiffs.

*Irving H. Smith,* for defendant.

SHARPE, J.   The trial court made the following findings:

"1. This is an appeal from a judgment of the circuit court commissioner of Kent county holding that defendant unlawfully holds property of the plaintiffs, known as numbers 10 and 12 Diamond avenue, Grand Rapids, Michigan.

"2. Prior to the 15th day of March, 1928, said premises were occupied by wholesale meat and sausage plant, conducted by C. W. Moore, appointed as receiver of said plant by this court in another cause pending of Merle Voss against plaintiffs herein. In that cause, upon request for instructions by the receiver as to the payment of rent, this court ordered said receiver to pay the plaintiffs herein, the owners thereof, the sum of one hundred dollars per month as rent for said premises, while occupied by the receiver. Later, upon petition by the receiver, this court ordered the receiver to sell the equipment and personal property used in connection with the wholesale sausage business of the plaintiffs herein and said Merle Voss, which the receiver was conducting. Upon such order being made on the 2d day of March, 1928, the receiver advertised and finally sold the said business and the personal property used in the wholesale sausage business on the 15th day of March, 1928, to Leo Feldpausch, defendant herein.

"3. The receiver was renting from month to month and paying for such period only as he was occupying the premises. He had no lease with the plaintiffs herein for any definite time and could terminate his occupancy at any time. No negotiations were entered into by the purchaser, Leo Feldpausch,

this defendant, for the receiver, to transfer to the defendant, Leo Feldpausch, any lease or right of occupancy. The receiver had no lease nor any such right of occupancy that he could transfer. Neither did the defendant obtain from the plaintiffs any lease or right to occupy said premises and no arrangement was made between them for renting the premises, or any part thereof.

"4. Purchaser Leo Feldpausch made no effort to remove the personal property purchased from the receiver from the premises owned by the plaintiffs, but merely continued to occupy the same and to carry on his business there. Moreover, he paid no rent to the plaintiffs and offered no rent. No terms of leasing or renting were agreed upon or even entered into. Plaintiffs herein asked defendant Leo Feldpausch to vacate the premises, but he did not do so.

"5. I find, further, that on the 9th day of May, 1928, during the absence of said defendant Leo Feldpausch, plaintiffs entered said premises peaceably and without hindrance of anyone. Plaintiffs also obtained peaceable possession to the key of the door to said premises. When, thereupon, the defendant entered the premises he was informed by the plaintiffs that they would take possession of the premises and intended to retain possession, and notified the defendant that he must remove himself and his fixtures and business from the premises. This defendant refused to do. Plaintiffs thereupon commenced to remove out some of the defendant's personal property.

"6. The defendant thereupon remonstrated against such removal of his property, and refused to allow plaintiffs and their agents and employees to do so, and when plaintiffs and their agents continued to do so, defendant assaulted one of plaintiffs' employees and proceeded to assault plaintiffs also and to forcibly eject them from the premises.

Police officers were called to the premises because of the commotion.

"7. Thereupon plaintiffs commenced proceedings before the circuit court commissioner of said county under the forcible entry and detainer statute (3 Comp. Laws 1915, § 13229 *et seq.*), and the acting circuit court commissioner, Harry L. Cresswell, found in favor of the plaintiffs and against the defendant that the latter was holding the premises unlawfully and against the just rights of the plaintiffs, and made an order ousting and dispossessing said defendant Leo Feldpausch from said premises. After the said judgment the said case was brought to this court on appeal.

"8. On the hearing in this cause, the above facts were also brought out, and I find as a fact that said defendant Leo Feldpausch, upon plaintiffs having taken peaceable possession of said premises and having secured the keys thereof, forcibly ejected them therefrom; that defendant committed an assault on the plaintiffs' agents employed to eject the defendant from said premises; that said defendant had no right to occupy said premises under any lease or rental arrangement with the owners, and therefore was guilty of forcibly entering and detaining the premises from the plaintiffs.

"9. I find further that the defendant was entitled to no notice, either written or oral, to vacate the premises. He was not a tenant in any lease. He obtained no interest in any leasehold or tenancy from the receiver, nor from the plaintiffs."

The proofs sustain these findings and justify the judgment for plaintiffs entered pursuant thereto. The entry of plaintiffs was peaceable, not riotous or accompanied by any act of personal violence. *Smith* v. *Loan & Building Ass'n*, 115 Mich. 340 (39 L. R. A. 410, 69 Am. St. Rep. 575). Neither was it obtained by stealth or stratagem, as was the case in

*Pelavin* v. *Misner*, 241 Mich. 209.   There was no
"display of force calculated to intimidate."   *McIntyre* v. *Murphy*, 153 Mich. 342 (15 Ann. Cas. 802).
    The judgment is affirmed.

    North, C. J., and Fead, Fellows, Wiest, Clark,
McDonald, and Potter, JJ., concurred.